People v Smith (2021 NY Slip Op 00664)





People v Smith


2021 NY Slip Op 00664


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


46 KA 17-02052

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT L. SMITH, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 8, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, he appeals from a further judgment convicting him, also upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). In both appeals, defendant contends that his waivers of the right to appeal are invalid and that the sentences are unduly harsh and severe. Even assuming, arguendo, that defendant's waivers of the right to appeal in both cases are invalid (see People v Bisono, — NY3d &mdash, 2020 NY Slip Op 07484, *2 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus do not preclude our review of his challenge to the severity of the sentences (see People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the sentences are not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court